# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-3253

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Bioengineering Resources, Inc., | * | Western District of Arkansas. |
| located at 1650 Emmaus Road, | * | [UNPUBLISHED] |
| Fayetteville, Arkansas; James L. Gaddy,* | | |
| | * | |
| Appellants. | * | |

_____

Submitted:  April 15, 1998

Filed:   June 2, 1998

_____

Before WOLLMAN, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Bioengineering Resources, Inc. (BRI) appeals from the district court's[1] order denying its motion to copy seized documents and data and to protect the confidentiality of seized property.  We affirm.

_____

[1]The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas, affirming the order of the Honorable Beverly R. Stites, United States Magistrate Judge for the Western District of Arkansas.

On April 16, 1997, federal agents, pursuant to a warrant issued by a United States magistrate judge, searched the offices of BRI as part of an investigation into BRI's use of government grants. The search resulted in the seizure of several documents and computer disks. Two months later, BRI filed a motion for access to and copying of the seized property and for a protective order covering proprietary information and trade secrets. After considering motions, briefs, and letter responses, the magistrate judge denied the motion. After conducting a *de novo* review, the district court denied BRI's requested relief.

BRI asserts that the magistrate judge lacked authority to deny its motion for access to seized property and for a protective order. That argument is mooted, however, by the district court's *de novo* review of the magistrate judge's ruling. Although the requirements of 28 U.S.C. § 636(b)(1)(C) were not strictly followed in this case, BRI was given adequate opportunity to voice its objections to the magistrate judge's ruling and received the *de novo* review that it was entitled to.

We also reject BRI's argument that it was denied due process when the magistrate judge and the district court denied its requests for an evidentiary hearing on its motion. "Due process is flexible and calls for such procedural protections as the particular situation demands." Morrissey v. Brewer, 408 U.S. 471, 481 (1972). Having reviewed the record and the parties' submissions on appeal, we agree with the district court that BRI was provided an adequate opportunity to be heard. See Mathews v. Eldridge, 424 U.S. 319, 334-35 (1976) (detailing factors to consider in a procedural due process claim).

Finally, we conclude that the record supports the district court's finding that BRI was given access to and copies of the materials specified in its motion. Likewise, the district court did not err in ruling that the trade secrets and proprietary information were adequately protected by the secrecy of the grand jury proceedings and by 18 U.S.C. § 1905.

The judgment is affirmed.

A true copy.

     Attest:

          CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.